· JOHN KLOESS
V.
WILLIAM KATT ET AL.

*Fixtures—Mortgages.*

1. A mortgagee stands in the same legal relation to fixtures as a vendee.

2. A mortgagor can not have a secret intention as to the character of certain property which will make it personal, if it would otherwise be real, as against the mortgagee.

3. In the case presented this court holds, in view of the evidence, that certain slaughter house machinery was a part of the realty.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. E. L. THOMAS and R. W. ROPIEQUET, for appellant.

Messrs. DILL & SCHAEFER, for appellees.

SAMPLE, J. The bill was filed in this case by appellant to restrain appellees from removing steam slaughtering house machinery from a building on premises owned by him. A temporary injunction was granted, which on final hearing was dissolved. The evidence discloses the following state of facts: That one Greenwald formerly owned these premises and erected the slaughtering house thereon, which he afterward sold to William Katt, one of the appellees, for slaughtering house purposes, who proceeded to enlarge the business by placing therein steam machinery and other apparatus and attachments connected therewith; that on July 5, 1885, Katt borrowed of appellant $7,500, and to secure same gave a mortgage on said premises which, not being paid, was foreclosed by decree of court and a master's deed made to appellant on December 2, 1889, and on the same day the appellees also made and delivered to him a warranty deed to the same premises. Thereupon William Katt rented said property from appellant and by two or three different renewals continued in such tenancy for quite a period of time; in fact, up to the commencement of this suit. When, as heretofore stated,

he made claim that said machinery was personal property and prepared to detach and remove the same from said building. The property in dispute is one boiler, two tanks, engine, meat chopper, press, oil tank and pulleys used in the slaughter house. The boiler weighed from 1,000 to 1,300 pounds, and was not attached to the building, but the engine was attached to and rested upon a brick foundation which was two feet in the ground; the other machinery was connected with the engine by pipes and belts, and all was used in the slaughtering business. There was no reservation made of the machinery in the mortgage, the deeds, or leases, nor does the evidence disclose that appellant had any notice until shortly before this suit was brought, that appellees were making any claim to the property. Considerable evidence was introduced to show the character of this property, how used, and as to what portion was attached and the effect on the building of its removal, which may be fairly summed up, that the structure would not be very much damaged by its removal, in the way of destruction of property, but as a slaughter house the effect would be like that of removing a burr from a mill. The conclusion reached is, that this machinery, considering its character, the time and purpose for which it was put in, and the use to which it and the building had always been applied, was a fixture, and therefore a part of the realty. William Katt could not have a secret intention as to the character of this property which would make it personal, if it otherwise would have been real, as against a mortgagee. The mortgagee stands in the same legal relation to fixtures as a vendee. It would seem that no one purchasing that slaughtering house without anything being said as to the machinery, would for a moment suppose that the vendor would or could legally dismantle it and take away the machinery. It is true that the business might be carried on without the machinery, but that is not necessarily a test of its character. Applying the tests as laid down in the case of Sword v. Law, 122 Ill. 487, it is considered that under the facts in this case the law is with appellant. The decree is reversed with instructions to enter a decree in conformity with this opinion.

*Decree reversed with directions.*